NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ST. JAMES APARTMENTS, LLC, ET AL., | |
| Plaintiffs, | Hon. Garrett E. Brown, Jr. |
| v. | Civil Action No. 10-6778 (GEB) |
| COINMACH CORPORATION, | **MEMORANDUM OPINION** |
| Defendant. | |

**BROWN, Chief Judge:**

    This matter comes before the Court on the motion of Defendant Coinmach Corporation ("Defendant") to dismiss the Complaint filed by Plaintiffs St. James Apartments, LLC, Hackensack Associates L.P., and Jasontown Apartments, LLC ("Plaintiffs") for lack of subject matter jurisdiction. (Doc. No. 8) Plaintiffs oppose Defendant's motion. (Doc. No. 10) The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, Defendant's present motion will be denied for the reasons that follow.

**I.    BACKGROUND**

    This case arises out of a dispute regarding the execution and validity of certain lease agreements between Plaintiffs and Defendant. Plaintiffs assert that federal jurisdiction under 28 U.S.C. § 1332 exists based upon their allegation that Plaintiffs and Defendant are citizens of different states (Florida for the Plaintiffs and Delaware and New Jersey for the Defendant), and the total amount in controversy exceeds $75,000. Defendant does not contest that it is a citizen

of Delaware and New Jersey or that the amount in controversy exceeds $75,000.  In its present motion to dismiss, however, Defendant argues that Plaintiffs are actually citizens of New Jersey and have misrepresented their New Jersey citizenship in an attempt to manufacture diversity jurisdiction.  Defendant bases this argument upon records that list a business address for Plaintiffs in New Jersey.  It appears undisputed that Plaintiffs St. James Apartments, LLC and Jasontown Apartments, LLC are limited liability companies, and Plaintiff Hackensack Associates, L.P. is a limited partnership.  It also appears undisputed that the sole member of all three Plaintiffs is James Nuckel ("Nuckel").  In response to Defendant's present motion, Nuckel argues that he is a domiciliary of Florida, and thus, that diversity jurisdiction is appropriate.

## II. DISCUSSION

Subject matter jurisdiction is established under 28 U.S.C. §1332 where the amount in controversy exceeds $75,000, and the controversy is between citizens of different states.  28 U.S.C. §1332(a)(1).  In establishing diversity of citizenship, the burden of proving, by preponderance of the evidence, that such jurisdiction is proper lies on the party claiming diversity.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  Limited liability companies are considered citizens of each state in which their members are citizens, rather than their state of incorporation or the company's principal place of business.  Carden v. Arkoma Assocs., 494 U.S. 185, 195-197 (1990).

An individual is considered a citizen of the state in which he is domiciled.  "The domicile of an individual is his true, fixed and permanent home and place of habitation.  It is the place to which, whenever he is absent, he has the intention of returning."  Vlandis v. Kline, 412 U.S. 441, 454 (1973).  Courts consider numerous factors when determining an individual's domicile,

including house of residence, payment of personal taxes, vehicle registration, place of business, and the exercise of political rights.  McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citing Krasnov v. Dinan, 465 F.2d 1298, 1301 (3d Cir. 1972)).  Obviously, ties to the community that cannot be easily formed or broken are afforded more weight than those easily established.  Leon v. Carribean Hosp. Corp., 848 F. Supp. 317, 318 (1994).  The party asserting diversity jurisdiction bears the burden of proving that their citizenship is diverse from that of the adverse party.  McNutt, 298 U.S. 178, 189 (1936).

  Here, the Court concludes that Plaintiffs have carried that burden through the certification of their managing partner, James Nuckel.  In Nuckel's Certification ("Nuckel Cert."), he states that he and his immediate family reside in a primary residence in Florida.  (Nuckel Cert. ¶ 2-3).  Further, Nuckel states that his children attend school in Florida, his vehicle is registered in Florida, he is registered to vote in Florida, and he will be filing his income taxes as a Florida resident.  (Nuckel Cert. ¶ 4-8).

  In contrast, Defendant has failed to successfully rebut Nuckel's assertion that he is a citizen of Florida, rather than New Jersey.  It appears that Nuckel reported a New Jersey business address in order to register his business in New Jersey.  Nuckel was given the option to provide a New Jersey business address or a place of residence for the managing partner in order to register as a New Jersey business entity.  L.1983, N.J.S. 42:2A-14(d), N.J.S.A.  Nuckel chose his New Jersey business address, rather than that of his Florida residence, in order to fill out the form.  Defendant also alleges that Nuckel owns an "owner occupied" home in New Jersey.  These two factual allegations alone, however, fail to persuade the Court that Nuckel is a New Jersey citizen when viewed in light of Nuckel's Certification.

Therefore, the Court concludes by a preponderance of the evidence presented that Nuckel is a Florida citizen.  It is undisputed that Nuckel is the sole managing party of the three Plaintiffs. As such, Plaintiffs are deemed Florida for purposes of establishing diversity jurisdiction, and diversity jurisdiction is appropriate.

### III.   CONCLUSION

For the foregoing reason, Defendant's motion to dismiss the complaint for lack of subject matter will be denied.   An appropriate form of order accompanies this memorandum opinion.

Dated: July 13, 2011

                                               /s/ Garrett E. Brown, Jr.
                                               GARRETT E. BROWN, JR., U.S.D.J.